J-S37039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK TORRY PARKS | : | |
| | : | |
| Appellant | : | No. 1200 EDA 2024 |

Appeal from the PCRA Order Entered April 3, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0004035-2019

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JANUARY 15, 2026**

Derrick Torry Parks appeals *pro se* from the April 3, 2024 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case were summarized by a prior panel of this Court on direct appeal as follows:

> On November 9, 2019, around 12:30 am, while on patrol, Officers Kevin Van Horn and Quentin Cornelius heard one gunshot.  The officers separated in their vehicles. Officer Cornelius saw a male and asked if he heard anything, and the male said that it came from the alley. Officer Cornelius went in that direction and saw [Appellant], whom he told to stop. [Appellant] ran in the opposite direction.  Officer Cornelius pursued [Appellant] and radioed to Officer Van Horn that [Appellant] was running with his hands in his pocket. Officer Cornelius eventually lost sight of [Appellant].

---

[*] Former Justice specially assigned to the Superior Court.

Officer Van Horn met [Appellant] on another street. Officer Van Horn exited his vehicle and ran after [Appellant]. [Appellant] continued to run, apologizing to the officer. Officer Van Horn shoved [Appellant] to the ground and arrested him. Officer Van Horn recovered a .22-caliber revolver in the area where [Appellant] fell after [he] encountered Officer Van Horn. The revolver had four live rounds in it and one spent casing. After arresting [Appellant], Officer Cornelius informed Officer Van Horn that [Appellant] had his hands in his pockets when he initially encountered him.

Officers tested [Appellant] for gunshot residue and obtained a warrant to collect his DNA. A forensic DNA scientist testified that there was an insufficient amount of DNA taken from [Appellant] to swab the gun.

*Commonwealth v. Parks*, 281 A.3d 1068 (Pa.Super. 2022) (unpublished memorandum at *1) (citations to notes of testimony omitted), *appeal denied*, 286 A.3d 1234 (Pa. 2022).

The relevant procedural history of this case, as gleaned from the certified record, is as follows: On March 2, 2021, Appellant proceeded to a jury trial and was found guilty of one count of persons not to possess a firearm.[1] Appellant was sentenced to 7 to 16 years' imprisonment on March 31, 2021.[2] On June 14, 2022, a panel of this Court affirmed Appellant's

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] Appellant was represented during his jury trial and sentencing by Theodore Skaarup, Esq. (hereinafter, "trial counsel").

- 2 -

judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on October 25, 2022. *See id.*

On October 20, 2023, Appellant filed a timely *pro se* PCRA petition and Matthew Deschler, Esq. (hereinafter, "PCRA counsel") was appointed to represent him. On December 26, 2023, PCRA counsel filed a petition to withdraw and "no-merit" letter in accordance with *Turner*/*Finley*,[3] which was granted on January 24, 2024. That same day, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on February 12, 2024. Thereafter, on April 3, 2024, the PCRA court dismissed Appellant's petition without an evidentiary hearing. This timely appeal followed on April 23, 2024.[4]

Appellant raises the following issues for our review:

1. Was trial counsel ineffective where he failed to inform and advise [Appellant] of plea offer until day of jury selection in violation of the Sixth and Fourteenth Amendments of the United States Constitution?

2. Was trial counsel ineffective where he advised [Appellant] that if he proceeded to trial and got convicted, [Appellant] would only receive 6 to 12 years in prison whereas, after a trial and conviction, [Appellant] received 7 to 16 years in

_____

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (*en banc*).

[4] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

> violation of the Sixth, and Fourteenth Amendments of the United States Constitution?
>
> 3. Was PCRA Counsel ineffective for filing a *Finley* letter and failing to present all the relevant facts and attendant circumstances of trial counsel's ineffectiveness to the PCRA court in violation of the rule based right of effective assistance of counsel during post-conviction proceedings?

Appellant's brief at 4-5.[5]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Appellant first argues that his trial counsel was ineffective for purportedly failing to inform him of the Commonwealth's plea offer until the

_____

[5] For the ease of our discussion, we have elected to address some of Appellant's claims simultaneously.

- 4 -

day of jury selection, and advising him that if he was found guilty at trial his likely sentence would be 6 to 12 years' imprisonment. Appellant's brief at 13, 17. We disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011).

Upon review, we find that Appellant's ineffectiveness claims fail because he failed to satisfy the third prong of the aforementioned test; namely, that he was prejudiced by trial counsel's actions.

Our Supreme Court has long recognized that to prove prejudice, a petitioner must demonstrate that "but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (citation omitted). "Counsel will not be deemed ineffective for failing to raise a claim that has no merit." *Commonwealth v. Johnson*, 815 A.2d 563, 590 (Pa. 2002) (citation omitted).

Here, Appellant has failed to demonstrate that he suffered actual prejudice on account of trial counsel's purported failure to advise him of the Commonwealth's plea offer until the day of jury selection. The record reflects that Appellant has failed to prove that the Commonwealth extended a specific plea offer to him prior to the day of jury selection, or that trial counsel had previously been aware of and failed to communicate such an offer prior to that time. Even assuming Appellant was fully aware of the Commonwealth's purported plea offer of 5 to 10 years' imprisonment and would have accepted it, *see* Appellant's brief at 14-17, Appellant is still unable to demonstrate prejudice.

Courts in this Commonwealth have long recognized that "there is no absolute right to have a guilty plea accepted." *Commonwealth v. Hudson*,

- 6 -

820 A.2d 720, 727 (Pa.Super. 2003) (citation omitted), *appeal denied*, 844 A.2d 551 (Pa. 2004).

> [W]hile the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice.

*Commonwealth v. Chazin*, 873 A.2d 732, 737 (Pa.Super. 2005) (citation and internal quotation marks omitted), *appeal denied*, 887 A.2d 1239 (Pa. 2005).

Instantly, there is no guarantee that the trial court would have accepted a negotiated sentence less than the 7 to 16 year term of imprisonment it ultimately imposed.

Likewise, we agree with the PCRA court that Appellant was not prejudiced by trial counsel's representation that his likely sentence would be in the range of 6 to 12 years' imprisonment if he proceeded to trial and was found guilty. Ultimately, "sentencing is a matter vested in the sound discretion of the sentencing judge," and Appellant, in fact, received considerably less than the 10 to 20 maximum sentence that could have been imposed for his first-degree felony conviction. *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa.Super. 2006) (citation omitted); 18 Pa.C.S.A. § 1103(1). Based on all the foregoing, Appellant's claims of trial counsel's ineffectiveness must fail.

In his final claim, Appellant baldly contends that PCRA counsel was ineffective in electing to file a **Turner/Finley** "no-merit" letter in lieu of seeking an evidentiary hearing on the aforementioned ineffectiveness claims. Appellant's brief at 22.

This Court has continually recognized that has "there is no absolute right to an evidentiary hearing on a PCRA petition[.]" **Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa.Super. 2019) (citation omitted), **appeal denied**, 218 A.3d 380 (Pa. 2019). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." **Commonwealth v. Khalifah**, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

As discussed above, we agree with the PCRA court that Appellant's ineffectiveness claims are frivolous and unsupported by the record. Accordingly, PCRA counsel cannot be found ineffective for failing to pursue these meritless claims in lieu of filing a **Turner/Finley** "no-merit" letter. **See Commonwealth v. Freeland**, 106 A.3d 768, 778 (Pa.Super. 2014) (stating,

"it is axiomatic that … counsel will not be considered ineffective for failing to pursue meritless claims." (citation and brackets omitted)).

Based on the foregoing, we conclude that the PCRA court did not err in dismissing Appellant's petition without conducting an evidentiary hearing and affirm its April 3, 2024 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026